**McCann L. REID, Plaintiff-Appellant,**

v.

**MEMPHIS PUBLISHING COMPANY, Defendant-Appellee.**

Nos. 74–1761, 74–1762.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 1975.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

ORDER

This cause came on to be heard on the petition for rehearing of 521 F.2d 512, with a suggestion that it be reheard en banc. A majority of the active Judges of this Court having voted against an en banc hearing, said petition for rehearing was considered by the panel, and was found not to be well taken.

It is therefore Ordered that the petition for rehearing be and it is hereby denied.

EDWARDS, Circuit Judge, dissents.

EDWARDS, Circuit Judge (dissenting).

The motion for rehearing in banc in this case should be granted to determine whether or not this Circuit will enforce the E.E.O.C. regulation (29 C.F.R. § 1605.1) requiring reasonable accommodation of religious beliefs.

The District Judge who tried this case on remand found that defendant Memphis Publishing Co. "did not make any attempt to accommodate the religious needs of the plaintiff." The record supports him completely.

Rule 35(a) of the Federal Rules of Appellate Procedure provides for in banc hearings to maintain uniformity of decisions and to deal with questions of exceptional importance. In my view the majority opinion in *Reid II,* 521 F.2d 512 (6th Cir. 1975) is in direct conflict with *Cummins v. Parker Seal,* 516 F.2d 544 (6th Cir. 1975), and with the opinions of all three of the judges in *Reid I,* 468 F.2d 346 (6th Cir. 1972). Full court consideration is essential to establishing a consistent rule of law in relation to the reasonable accommodation to religious beliefs provisions contained in 29 C.F.R. § 1605.1 and 42 U.S.C. § 2000e(j) (1972).